IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STACY SLOAN | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | No. 12-3609 |
| LARRY FRASCELLA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**  **August 16, 2013**

Plaintiff Stacy Sloan sues her alleged former business partners Defendants Larry and David Frascella for breach of contract, promissory estoppel, and a violation of the Pennsylvania Wage Payment and Collection Law (WPCL). Sloan alleges Defendants breached an oral contract in which they agreed to provide her a $100,000 annual salary and a 5% percent equity position in Lighthouse Legal Finance, LLC (Lighthouse), a litigation funding business, in exchange for her agreement to set up the administrative side of the business. This case proceeded to trial before a jury on August 13, 2013. At the conclusion of Sloan's case-in-chief, Defendants made an oral motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). For the reasons set forth below, the motion will be granted as to Sloan's breach of contract claim insofar as that claim is based on the existence of an alleged oral agreement granting her a 5% equity interest in Lighthouse. The motion will be denied as to the balance of Sloan's contract claim, the promissory estoppel claim, and the WPCL claim.

Rule 50(a) provides:

[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). Court action under this standard is "performance of the court's duty to assure enforcement of the controlling law and is not an intrusion on any responsibility for factual determinations conferred on the jury." *Smith v. Borough of Pottstown*, No. 96-1941, 1997 WL 597909, at *1 (E.D. Pa. Sept. 18, 1997) (quoting Fed. R. Civ. P. 50 advisory committee's notes). A motion for judgment as a matter of law should only be granted if, "viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." *Macleary v. Hines*, 817 F.2d 1081, 1083 (3d Cir. 1987). "Material" facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under Pennsylvania law, the formation of a contract requires (1) the parties' manifestation of a mutual intention to be bound by an agreement; (2) terms that are sufficiently definite so as to be enforceable; and (3) consideration. *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 533 (3d Cir. 2009). A contract is only enforceable if "the material and necessary details of the bargain are set forth with sufficient clarity." *Clark Res., Inc. v. Verizon Bus. Network Servs., Inc.*, No. 10-1119, 2012 WL 1339697, at *3 (M.D. Pa. Apr. 18, 2012) (citing *Peck v. Del. Cnty. Bd. of Prison Inspectors*, 814 A.2d 185, 191 (Pa. 2002)). The terms of a contract must be certain enough to provide a "reasonably certain basis" upon which a court could grant a remedy. *Id.* (quoting *Geisinger Clinic v. DiCuccio*, 606 A.2d 509, 512 (Pa. Super. Ct. 1992)); *see also* Restatement (Second) of Contracts § 33(2) ("The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy."). Identification of the essential terms of an agreement is "particularly important when an oral contract is alleged." *Deron v. SG Printing,*

*Inc.*, No. 11-1934, 2012 WL 3992960, at *6 (M.D. Pa. Sept. 24, 2012). Thus, a contract so vague as to be "impossible to understand and enforce" may be set aside. *Mazzella v. Koken*, 739 A.2d 531, 537 (Pa. 1999). Whether the terms of a contract are sufficiently definite is a question of law. *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 585 (3d Cir. 2009).

Sloan asserts the applicable law in this case is Delaware law, not Pennsylvania law.[1] Pennsylvania, the state whose choice of law rules governs in this diversity action, follows a flexible choice of law rule permitting "analysis of the policies and interests underlying the particular issue before the court." *Taylor v. Mooney Aircraft Corp.*, 265 F. App'x 87, 90 (3d Cir. 2008) (quoting *Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 805 (Pa. 1964)). Under this approach, where there are no conflicts between the states' laws affecting the disposition of a case, the court may refer to the laws interchangeably. *Id.* Like Pennsylvania law, Delaware law requires the terms of a contract to be definite for the agreement to be enforceable. *Echols v. Pelullo*, 377 F.3d 272, 275 (3d Cir. 2004) ("In Delaware . . . a court will not enforce a contract that is indefinite in any of its material and essential provisions."); *see also Haft v. Dart Corp.*, 877 F. Supp. 896, 906 (D. Del. 1995) (holding Delaware law requires an agreement to be "reasonably definite and certain in its terms" to be enforceable (quoting *Most Worshipful Prince Hall Grand Lodge of Free & Accepted Masons v. Hiram Grand Lodge Masonic Temple*, 80 A.2d 294, 295 (Del. Ch. 1951))); *Cont'l Ins. Co. v. Rutledge & Co., Inc.*, 750 A.2d 1219, 1230 (Del. Ch. 2000) ("Where terms in an agreement are so vague that a Court cannot determine the existence of a breach, then the parties have not reached a meeting of the minds, and a Court should deny the existence of the alleged agreement."). Because the law of both states requires the terms of the contract be sufficiently certain to render an agreement enforceable, the Court's

---

[1] Sloan does not contend the alleged oral contract addressed choice of law; rather she argues Delaware law is applicable under general choice of law principles.

3

analysis is the same whether Delaware or Pennsylvania law applies. *See Guzzi v. Morano*, No. 10-1112, 2013 WL 4042511, at *11 (E.D. Pa. Aug. 8, 2013) (noting Pennsylvania has adopted the Restatement (Second) of Contracts § 33 requiring an enforceable contract to contain terms that are reasonably certain such that "they provide a basis for determining the existence of a breach and for giving an appropriate remedy"); *see also Echols*, 377 F.3d at 280 n.5 (noting Delaware Courts have cited Restatement (Second) of Contracts § 33 with approval).

In the instant case, Sloan has failed to establish the alleged agreement to provide her a 5% ownership interest in Lighthouse is a term sufficiently definite to be enforced. Sloan claims she was orally promised a 5% equity position; however, her testimony at trial failed to elucidate any specifics of the alleged agreement regarding her 5% ownership interest. When asked about her understanding of her ownership interest at the time the agreement was made, Sloan stated there was no discussion of how her 5% would be determined, how the value of the company would be determined, how the profits would be determined, or how profits would be distributed. Rather, she stated she was simply promised equity in the company, which she believed entitled her to a share of profits as the company started to make money, though she conceded there was no discussion regarding what the equity interest would look like or entitle her to. She also testified there was no discussion concerning the circumstances under which she would be paid a share of the profits. Her understanding was she would receive a share of the profits after the initial investors were re-paid, but she could not identify any specific agreement beyond this general agreement to pay her a portion of the profits at some point. Finally, Sloan presented no testimony or other evidence that there was ever a discussion—let alone an agreement—as to the nature of her ownership or what the 5% interest provided her in terms of compensation, control, and other entitlements as an owner.

In addition to her own testimony, Sloan presented the testimony of Paul Graeff, Steven Sloan, Patricia Leigh-Papa, and expert witness James Haefele. She also presented an email exchange between herself and Larry Frascella, in which Sloan laid out a list of concerns over her work situation and wrote "[th]is isn't just about my 5%." Ex. 11. However, none of the evidence presented defines the intended nature of the alleged 5% interest at the time the agreement was made, or makes that term more definite. None of the fact witnesses (Graeff, Steven Sloan, and Papa) referenced any term of the alleged agreement; rather these witnesses testified only that Defendants had referred to Sloan as an owner or presented her as an owner or partner to them. Similarly, Sloan's email contains only one line about her alleged 5% interest. She never used the word owner in the email, and there is no further discussion or reference to what she is owed or entitled to based on the referenced 5%. Finally, Sloan's expert witness also did not testify about what Sloan was promised or entitled to based on the alleged agreement to provide her some equity in the company. Haefele testified to the valuation of Lighthouse and what 5% of the company would be worth, but he did not testify regarding the nature of Defendants' alleged agreement to provide Sloan with equity in Lighthouse and what that agreement entitled her to.

Given the lack of specificity regarding Sloan's 5% interest, this term of her alleged oral employment agreement is not definite enough to support the creation of a contract. *See Caisson Corp. v. Ingersoll-Rand Co.*, 622 F.2d 672, 678 (3d Cir. 1982) (noting where certain essential elements are missing from a contract, "the lack of specificity may make enforcement so difficult that the courts will hold there was no enforceable contract"). A general promise of ownership, without any agreement as to the nature of the ownership, is simply too indefinite to enforce. *See Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 202 (3d Cir. 2012)

(finding ambiguity as to the nature and extent of the parties obligations can render a term unenforceable). The nature of Sloan's 5% interest is a material and essential provision of the alleged contract as it speaks directly to the parties' performance obligations and entitlements under the contract. *See id*. (noting the Pennsylvania Supreme Court has held an agreement unenforceable where the parties failed to even discuss terms like price and manner of performance (citing *Lombardo v. Gasparini Excavating Co.*, 123 A.2d 663, 666 (Pa. 1956))). In oral agreements, vague statements that fail to include material terms, are indicia that agreements are too uncertain to be enforced. *Legendary Art, LLC v. Godard*, 888 F. Supp. 2d 577, 588 (E.D. Pa. 2012) (dismissing breach of contract claim on summary judgment). Further, "[t]he more important the uncertainty [to the specific agreement], the stronger the indication is that the parties do not intend to be bound." *Id*. (quoting Restatement (Second) of Contracts § 33 cmt. f). The agreement between Sloan and Lighthouse is void of elements which can be reasonably considered essential to an equity ownership agreement. Moreover, courts, as a matter of law, may not provide a reasonable term where an essential term is left open. *Morris v. Ace Med. Co.*, No. 95-1271, 1996 WL 69400 (E.D. Pa. Feb. 16, 1996) *aff'd*, 96 F.3d 1433 (3d Cir. 1996). This Court cannot simply apply statutory rights of ownership to "fill in" missing essential terms between Sloan and Lighthouse. Thus, this Court concludes the term presented by Sloan is missing essential elements, making this part of the agreement uncertain enough to render a factfinder unable to determine the existence of a breach.

Because Sloan has failed to identify the material terms of the agreement, such as what her alleged 5% interest entitled her to, under what circumstances any profits would be distributed, and how those profits would be determined, there is no way to determine whether Defendants breached the agreement or what action would provide Sloan an adequate remedy. *See*

Restatement (Second) of Contracts § 33(2) ("The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy."). Because it is unclear what actions of the Defendants would constitute a breach of the alleged agreement, there is no way for a factfinder to determine if Defendants actually breached Sloan's contract. For example, there has been no sale of the company, thus no failure to provide Sloan 5% of the value of the company upon such sale. Additionally, there was no term in the agreement requiring Defendants to buy back Sloan's 5% interest upon her termination. Consequently, it does not appear Defendant's breached the alleged contract by failing to provide Sloan with 5% of the value of Lighthouse, but this Court cannot say for certain there has been no breach because the alleged agreement to provide Sloan with a 5% interest in the company is not certain enough to determine if those actions actually constitute a breach. Furthermore, even accepting Sloan's arguments that Lighthouse was profitable in 2012, because there was no agreement regarding how profits would be determined and distributed, there is no way to determine whether Defendants breached the agreement by failing to pay Sloan 5% of the claimed profits. Because the evidence taken in the light most favorable to Sloan fails to demonstrate a sufficiently definite term of the alleged contract insofar as the contract claim concerns her alleged 5% equity interest in Lighthouse, Defendants' motion for judgment as a matter of law is granted as to that claim.

Sloan also alleges Defendants' breached their alleged agreement to pay her $100,000 in salary. This claim remains. As long as the stricken portion of the contract does not constitute an essential part of the agreed upon exchange, the remainder of the contract can be enforced. *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 214 (3d Cir. 2003); *see also* Restatement (First) of Contracts § 603 ("A bargain that is illegal only because of a promise or a provision for a

condition, disregard of which will not defeat the primary purpose of the bargain, can be enforced with the omission of the illegal portion."). The two alleged terms of the agreement are not dependent on one another; therefore, the ownership claim is not an essential part of the alleged agreement by the Defendants to pay Sloan $100,000 per year as long as she worked for them. Thus, Defendants' motion for judgment as a matter of law is denied as to Sloan's breach of contract claim as it relates to the alleged salary agreement.

An appropriate Order follows.

BY THE COURT:


   ___/s/ Juan R. Sánchez_____
   Juan R. Sánchez